**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| YRC, INC., formerly known as YELLOW TRANSPORTATION, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>ALLIANCE LOGISTIC, INC., d/b/a ALLIANCE 3PL CORP., an Illinois Corporation and JACQUES GOURMET, INC., d/b/a MISS MERINGUE, a California Corporation,<br><br>                Defendants. | Case No. 10 CV 3865 |

**ANSWER TO COMPLAINT**

Defendant, Jacques Gourmet, Inc. ("JGI"), by its attorneys Schiff Hardin LLP, answers the complaint as follows:

      1.    That Plaintiff sold certain services to the Defendants at the Defendants' special instance and request.

**ANSWER** : JGI denies each and every allegation as to it contained in Paragraph 1. JGI is without knowledge or information sufficient to answer the allegations as to defendant Alliance Logistic, Inc. ("Alliance").

      2.    That said services were performed by Plaintiff as requested by Defendants.

**ANSWER** : JGI denies each and every allegation as to it contained in Paragraph 2. JGI is without knowledge or information sufficient to answer the allegations as to defendant Alliance.

      3.    That Defendants are indebted to the Plaintiff in the amount of $91,945.86, said sum representing the amount due for services sold to the Defendant by the Plaintiff.

**ANSWER**: JGI denies each and every allegation as to it contained in Paragraph 3. JGI is without knowledge or information sufficient to answer the allegations as to defendant Alliance.

4. That Defendants failed to pay the shipping invoices and pursuant to paragraph 4 of Plaintiffs Exhibit "A", Defendants are additionally indebted to Plaintiff for 35% of the principal amount due and owing ($32,181.05).

**ANSWER**: JGI denies each and every allegation as to it contained in Paragraph 4. JGI is without knowledge or information sufficient to answer the allegations as to defendant Alliance.

5. Defendants are thereby indebted to Plaintiff in the total sum of $124,126.91, as is more particularly set forth in Plaintiff's Group Exhibit "B" attached hereto and made a part hereof.

**ANSWER**: JGI denies each and every allegation as to it contained in Paragraph 5. JGI is without knowledge or information sufficient to answer the allegations as to defendant Alliance.

6. That although often requested to do so, Defendants have failed, neglected and refused to pay said sum to Plaintiff.

**ANSWER**: JGI denies each and every allegation as to it contained in Paragraph 6. JGI is without knowledge or information sufficient to answer the allegations as to defendant Alliance.

## AFFIRMATIVE DEFENSES

1. There is no contractual privity between JGI and Plaintiff.

2. All damages and losses complained of by Plaintiff are the direct result of, and proximately caused by, the conduct, actions or omissions of third parties, as to which JGI had no role or involvement.

3. All damages and losses complained of by Plaintiff are the direct result of, and proximately caused by, the conduct, actions or omissions of Plaintiff, as to which JGI had no role or involvement.

4. Plaintiff is barred from recovery by the doctrine of estoppel.

5. Plaintiff is barred from recovery by the doctrine of laches.

6. Plaintiff failed to mitigate its losses and is therefore barred from recovery

7. Plaintiff is barred from recovery since JGI never hired Plaintiff, never agreed to make payments to Plaintiff and is not a shipper as defined by 49 C.F.R. § 377.203.

8. Even if JGI had been a shipper, which is expressly denied by JGI, Plaintiff is barred from recovery since Plaintiff failed to provide JGI with the notifications required by federal law, including but not limited to 49 C.F.R. § 377.203.

9. Plaintiff is barred from recovery since Plaintiff since it violated its tariffs by extending credit to Alliance, and JGI never agreed to pay if Alliance failed to make payment.

10. Even if JGI had been a shipper, which is expressly denied by JGI, Plaintiff is barred from recovery since Plaintiff failed to take the steps necessary to assure payment of its tariff charges as required by federal law, including but not limited to 49 C.F.R. § 377.203.

JACQUES GOURMET, INC.

By: /s/Jamal S. Muhammad
     One of Its Attorneys

John N. Scholnick
Jamal S. Muhammad
SCHIFF HARDIN LLP
233 S. Wacker Dr., Suite 6600
Chicago, IL  60606
Telephone:  (312) 258-5500
Facsimile:   (312) 258-5600

- 3 -